# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL HUBBARD,<br><br>Defendant. | No. CR94-0019<br><br>REPORT AND RECOMMENDATION |

On the 26th day of May 2010, this matter came on for hearing on the Request for Hearing (docket number 189) filed by the Defendant on May 18, 2010. The Government was represented by Assistant United States Attorney Martin J. McLaughlin. Defendant Michael Hubbard appeared personally and was unrepresented by counsel.

## PROCEDURAL HISTORY

On April 18, 1995, Defendant was sentenced for the offenses of bank burglary and aiding and abetting (prohibited person in possession of a firearm or ammunition) to 78 months in prison, to be followed by 36 months of supervised release. The Court ordered the federal prison term to be served consecutively with Defendant's state court sentences in Linn County and Benton County. In addition, Defendant was ordered to pay $18,361.52 in restitution, and a $150 special assessment.

Defendant's supervised release was modified on two occasions to require placement in a community corrections facility. Defendant's supervised release was later revoked and he was sentenced to serve six months in prison, followed by four months in a community corrections facility. On July 30, 2003, Defendant's supervised release was revoked again, and he was ordered to serve 18 months in prison, with no supervision to follow.

At the Government's request, a judgment debtor examination was scheduled for September 29, 2005. The examination was cancelled, however, after the Government

reported that "the defendant appeared at the United States Attorney's Office and completed a financial statement." The Government garnished Defendant's checking account and initiated action to garnish Defendant's wages at Vislisel and Callan Masonry. Defendant left his employment at that time, however, and moved to West Virginia.

On April 21, 2010, the Government filed an Application for Writ of Continuing Garnishment (docket number 186), identifying QCI Thermal Systems as Garnishee. The Clerk of Court issued a Writ of Continuing Garnishment (docket number 187) and provided a Notice of Post-Judgment Garnishment (docket number 187-1). According to the writ, the balance of restitution owed by Defendant is $11,332.06. QCI Thermal Systems filed an Answer (docket number 188) on April 30, 2010, indicating that Defendant is an employee of QCI, earning $520 per week.

On May 18, 2010, Defendant requested a court hearing. The matter was referred to the undersigned Magistrate Judge for a report and recommendation to the district court.

## ADDITIONAL FACTS

In July 2005, the Government attempted to garnish Defendant's wages. At that time, Defendant was working as a bricklayer, earning $15.00 per hour. After one or two payments, however, Defendant moved to West Virginia. According to Defendant, he was incarcerated in West Virginia from early in 2006 to March of 2008, when he was paroled to Iowa. Defendant was then incarcerated in Iowa until September 2008. That is, Defendant estimated that he was incarcerated in West Virginia and Iowa for "30 months or so."

Defendant testified that he was released from jail in Johnson County on September 11, 2008 and started working at QCI Thermal Systems as an insulation installer on September 16, 2008. Defendant continues to work at QCI full time and earns $13 per hour. Defendant estimated his net weekly income, after deduction for taxes, is $444.05.

Defendant was married on March 2, 2010. Defendant and his wife have a 5-month-old child. Defendant also has custody of his 8-month-old child from a prior relationship.

According to Defendant, the older child's mother does not pay support and is "on the run." Defendant's wife works as a service manager at the Olive Garden restaurant and earns slightly more than Defendant.

In June 2009, Defendant's wife (then fiancé) purchased a condo for $121,000. Defendant pays one-half of the $900 mortgage payment, although he has no ownership interest in the property. Defendant's wife also owns a 2001 Saturn and a 1996 Chevy Lumina, which is driven by Defendant. Neither vehicle has any debt associated with it. Defendant submitted a list of his monthly expenses (Defendant's Exhibit A) totaling $1,876.50, including $780 for child care, but not including cable TV and internet access.

Defendant testified that he owes Johnson County more than $6,000 in fines and court costs, which he is paying at the rate of $35 per month. Defendant is also paying $20 per month to Washington County on a judgment of more than $2,000.

Defendant has apparently paid $25 per month toward his federal restitution since February 2009. In early 2010, the Government negotiated with Defendant in an effort to raise the voluntary payment. The parties were unable to reach an agreement, however, and the Government then initiated the instant garnishment proceedings.

## DISCUSSION

The Government's efforts to collect Defendant's restitution obligation are brought pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001 *et seq.* Specifically, the Government seeks to garnish Defendant's wages pursuant to section 3205. Acting on the Government's application, the Court issued a Writ of Continuing Garnishment pursuant to section 3205(c). Defendant was provided with notice pursuant to section 3202(b). The notice provided, in part, as follows:

> If you are Michael Hubbard, you have a right to ask the Court
> to return your property to you if you think you do not owe the
> money to the Government that it claims you do, or if you think
> the property the Government is taking qualifies under one of
> the exemptions.

Clerk's Notice of Post-Judgment Garnishment at 1 (docket number 187-1 at 1).

Defendant filed a Request for Hearing (docket number 189), but did not claim any of the exemptions found in 18 U.S.C. § 3613, nor challenge the Government's claim regarding the amount of money owed. Similarly, at the instant hearing Defendant did not claim a statutory exemption or challenge the amount owed. Instead, Defendant offered evidence regarding his financial condition, and argued that the garnishment would constitute a hardship for him and his family.

The Government argued that Defendant's claims fall outside of those issues which may properly be considered by the Court, citing 28 U.S.C. § 3202(d). That section provides, in part, as follows:

> The issues at such hearing shall be limited –
>
> > (1) to the probable validity of any claim of exemption by the judgment debtor;
> >
> > (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
> >
> > (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to –
> >
> > > (A) the probable validity of the claim for the debt which is merged in the judgment; and
> > >
> > > (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d).

In *United States v. Pugh*, 75 Fed. Appx. 546 (8th Cir. 2003), the government obtained a writ of garnishment to recover defendant's restitution obligation. The defendant moved to quash the order. The Eighth Circuit Court of Appeals noted that "[u]pon the filing of such a motion, the district court must conduct a hearing as soon as practicable, but the issues at such a hearing are limited to the validity of any claim of exemption and the government's compliance with FDCPA's statutory requirements." *Id.* at 547.

Similarly, in *United States v. Smith*, 88 Fed. Appx. 981 (8th Cir. 2004), the Court concluded that no hearing was required when the defendant does not dispute the amount owed or claim a statutory exemption. "Issues at [an] FDCPA hearing [are] limited to determining validity of any claim of exemption, government's compliance with statutory requirements, and validity of default judgments." *Id.* (citing 28 U.S.C. § 3202(d)). *See also United States v. Poitra*, 2009 WL 3063013 (D.N.D.) (limiting a garnishment hearing to (1) the probable validity of any claim of exemption by the judgment debtor, and (2) compliance with any statutory requirement for the issuance of the garnishment).

In *United States v. Lawrence*, 538 F. Supp. 2d 1188 (D.S.D. 2008), defendant was voluntarily paying $300 per month toward his restitution judgment. When the government sought to garnish his wages, however, defendant claimed that the increased withholding constituted a hardship.[1] The Court concluded that the defendant's claimed hardship was not a basis for quashing the garnishment.

> In any event, consideration of Defendant's financial situation and/or the equities of the case are not subject to or within the purview of a garnishment hearing. § 3202(d) limits the issues at such a hearing to determining the probable validity of any claim of exemption and/or default judgment, and the Government's compliance with statutory requirements.

*Id.* at 1194 (citing *Smith*).

Turning to the facts in the instant action, while Defendant requested a hearing, he did not file an objection to the Garnishee's answer, as contemplated by section 3205(c)(5). In addition, Defendant did not file a motion to quash the garnishment, challenge the amount owed, or question the Government's compliance with the statutory requirements. Instead, Defendant argued at the hearing that the garnishment would constitute a hardship

---

[1] Apparently, the government in *Lawrence* offered to accept regular monthly payments of 20% of the defendant's disposable income, which is 5% less than could be obtained by a garnishment (*see* 15 U.S.C. § 1673(a)), as an incentive to get the defendant to pay on his own. However, the defendant rejected the offer. *Id.* at 118, n.2.

for him and his family. As set forth above, however, the Court cannot quash the garnishment on that ground. Even if Defendant's request for a hearing is construed as an objection to the answer of the Garnishee, or a motion to quash the garnishment, it is without merit. Accordingly, I respectfully recommend that the Defendant's objection be denied.

## RECOMMENDATION

For the reasons set forth above, I respectfully recommend that the district court **DENY** Defendant's objection to the Writ of Continuing Garnishment.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court. *The parties are reminded that pursuant to Local Rule 72.1, "[a] party asserting such objections must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections." Accordingly, if the parties are going to object to this Report and Recommendation, they must promptly order a transcript of the hearing held on May 26, 2010.*

DATED this 28th day of May, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA